## C. F. EISLEY v. ELIZABETH S. HORR.

FILED OCTOBER 2, 1894.    No. 4705.

1. **Negotiable Instruments :** SURETIES. Where two makers of a promissory note are shown to be sureties for a third party, they will be presumed to be co-sureties until the contrary is shown.

2. ——: ——. Evidence *held* to sustain the finding of the trial court.

ERROR from the district court of Madison county. Tried below before POWERS, J.

*Mapes & Licey*, for plaintiff in error, cited: *Williams v. Bosson*, 11 O., 62; *Keith v. Goodwin*, 31 Vt., 268; *Chapeze v. Young*, 9 S. W. Rep. [Ky.], 399 ; Brandt, Suretyship, 230; *Oldham v. Broom*, 28 O. St., 41; *Adams v. Flanagan*, 36 Vt., 400.

*Wigton & Whitham*, contra, cited: *Norton v. Coons*, 3 Denio [N. Y.], 132; *Warner v. Price*, 3 Wend. [N. Y.], 397; *Norton v. Coons*, 6 N. Y., 33; Story, Contracts, sec. 584; *Price v. Edwards*, 11 Mo., 526; *Knox v. Vallandingham*, 13 S. & M. [Miss.], 526.

POST, J.

This was an action by the plaintiff in error to recover from the defendant in error and one Livingston the sum of $160 and interest on account of money paid as an accommodation indorsed for said defendants. The allegations of the petition are in substance as follows: On the 1st day of March, 1889, the defendants executed their note to the Farmers Loan & Trust Company in the sum of $260, due June 1 after date; that the plaintiff, at the request of the defendants and for their accommodation, signed said note as surety. On the maturity of said note there remained due thereon $160, which the plaintiff was compelled to pay and which he seeks to recover by this proceeding. Livingston made default, but the defendant in error answered admitting the execution of the note and the payment by the plaintiff as alleged, but denied that the note was signed by plaintiff for her accommodation, and alleged that she was merely a co-surety with the plaintiff for Livingston. She also alleged the payment of $100 on said note. The allegations of the answer were all put in issue by the reply.

From the above statement it appears that there were two questions to be determined from the evidence, viz., whether the relation between the parties was that of principal and surety, or whether they were co-sureties for Livingston.

Second—The alleged payment of $100 by defendant. The issues were tried to the court without the assistance of a jury and resulted in a general finding for the defendant, upon which judgment was entered and which it is sought to reverse by means of this proceeding. The only evidence before the court was the testimony of the parties who sustained the allegations of their respective pleadings. Upon such a record, following the recognized rule of this court, we must regard the finding of the trial court as conclusive. The parties are presumed to be co-sureties and equally bound for the default of their principal (*Orvis v. Newell*, 17 Conn., 97; *Baldwin v. Fleming*, 90 Ind., 177; 2 Randolph, Commercial Papers, 976); and this presumption we assume was one of the considerations which led to the finding of the district court. There is no error in the record and the judgment is

AFFIRMED.